UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ALEXANDER R. GIFFORD,

    *Plaintiff*,

v.

MARK ZUCKERBERG,

    *Defendant.*

_____/

CASE NO. 20-CV-11535

DISTRICT JUDGE THOMAS L. LUDINGTON
MAGISTRATE JUDGE PATRICIA T. MORRIS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON SCREENING OF THE COMPLAINT**

**I.**     **RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that the case be *sua sponte* **DISMISSED**.

**II.**     **REPORT**

    **A.**     **Introduction**

By order of U.S. District Judge Thomas L. Ludington, this case was referred to the undersigned Magistrate Judge for all pretrial matters on June 16, 2020. (ECF No. 4.) Plaintiff's Complaint alleges violations of "Title 18 of the United States Code, sections 1001, 1621, 1623, etc. . . ." by Mark Zuckerberg, chief executive officer of Facebook, Inc. (ECF No. 1, PageID.5.) Plaintiff's Complaint, which includes one paragraph of facts, alleges the following:

1

> I am claiming a tort of deceit, a clear false representation of fact, by Mark Zuckerberg and Facebook, for political and financial motives. This is an act of fraud which erodes and undermines the trust of everyone using it. In 1996, a government intel agent confessed to me and several other witnesses, the development of Facebook by the U.S. government, he referred to it by name and explained how it would operate. I feel that this makes it an act of treason by Mark Zuckerberg[.]

(*Id*.) Plaintiff seeks $50 million in damages. (*Id*.)

### B.     Law and Analysis

### 1.     Governing Legal Standards

Plaintiff is proceeding *in forma pauperis* (IFP), (ECF No. 5), subjecting his claim to the screening standards in 28 U.S.C. § 1915(e)(2)(B). Since 1892, federal courts have possessed statutory power to permit civil actions IFP. *See Bruce v. Samuels*, 136 S.C t. 627, 629 (2016). That power, presently codified at 28 U.S.C. § 1915, is intended to ensure that indigent persons have equal access to the judicial system by allowing them to proceed without advancing the litigation fees and costs. *Flint v. Haynes*, 651 F.2d 970, 972 (4th Cir. 1981).

Congress recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To counteract these incentives, Congress crafted a screening procedure that requires the court to *sua sponte* review the complaints of all plaintiffs proceeding IFP and dismiss any before service of process if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

When a plaintiff proceeds without counsel, the court must liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even *pro se* complaints must satisfy basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

When considering whether a complaint states a claim, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001). But the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," otherwise the complaint will be dismissed. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard requires the plaintiff to "raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted). The complaint must include more than "labels and conclusions" and "formulaic recitation[s] of the elements of a cause of action." *Id.*

2. **18 U.S.C. §§ 1001, 1621, 1623**

Plaintiff alleges that Defendant acted in violation of 18 U.S.C. §§ 1001, 1621, 1623, and seeks redress for those violations. 18 U.S.C. § 1001 provides:

> (a) Except as otherwise provided in this section, whoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully--
> (1) falsifies, conceals, or covers up by any trick, scheme, or device a material fact;
> (2) makes any materially false, fictitious, or fraudulent statement or representation; or
> (3) makes or uses any false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry;

3

shall be fined under this title, imprisoned not more than 5 years or, if the offense involves international or domestic terrorism (as defined in section 2331), imprisoned not more than 8 years, or both. If the matter relates to an offense under chapter 109A, 109B, 110, or 117, or section 1591, then the term of imprisonment imposed under this section shall be not more than 8 years.

In addition, 18 U.S.C. § 1621 provides:

Whoever--
(1) having taken an oath before a competent tribunal, officer, or person, in any case in which a law of the United States authorizes an oath to be administered, that he will testify, declare, depose, or certify truly, or that any written testimony, declaration, deposition, or certificate by him subscribed, is true, willfully and contrary to such oath states or subscribes any material matter which he does not believe to be true; or
(2) in any declaration, certificate, verification, or statement under penalty of perjury as permitted under section 1746 of title 28, United States Code, willfully subscribes as true any material matter which he does not believe to be true;

is guilty of perjury and shall, except as otherwise expressly provided by law, be fined under this title or imprisoned not more than five years, or both. This section is applicable whether the statement or subscription is made within or without the United States.

Finally, the third statute Plaintiff specifies is 18 U.S.C. § 1623, which provides, in part:

(a) Whoever under oath (or in any declaration, certificate, verification, or statement under penalty of perjury as permitted under section 1746 of title 28, United States Code) in any proceeding before or ancillary to any court or grand jury of the United States knowingly makes any false material declaration or makes or uses any other information, including any book, paper, document, record, recording, or other material, knowing the same to contain any false material declaration, shall be fined under this title or imprisoned not more than five years, or both.

"However, criminal statutes generally do not create private causes of action, *see Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994), and

4

[]18 U.S.C. § 1001 [] [does not] provide such a cause of action." *Flessner v. Michigan*, No. 19-cv-1035, 2020 WL 746843, at *3 (W.D. Mich. Feb. 14, 2020) (citing *Shoemake v. Mansfield City Sch. Dist. Bd. of Educ.*, 61 F. Supp. 3d 704, 711 (N.D. Ohio 2014)). Further, "18 U.S.C. § 1621 does not confer jurisdiction on this Court; it is a criminal perjury statute, 'inapposite to this civil action.'" *Brown v. J.P. Morgan Chase Bank*, No. 12-cv-10826, 2012 WL 1555418, at *3 (E.D. Mich. Apr. 30, 2012) (quoting *Sutton v. U.S. Small Bus. Admin.*, 92 F. App'x 112, 118 n. 5 (6th Cir. 2003)). *See also Schied v. Ward*, No. 09-cv-12374, 2009 WL 5171839, at *5 (E.D. Mich. Dec. 22, 2009) ("this criminal statute also fails to create a private cause of action."). Finally, neither does 28 U.S.C. § 1623 create a private cause of action. *Bartlett v. Borgess Hospital*, No. 17-cv-1138, 2018 WL 6027157, at *3 (W.D. Mich. Apr. 5, 2018). Because none of the statutes through which Plaintiff seeks relief offer him the ability to seek redress, I recommend that these claims be dismissed.

### 3. Federal Rule of Civil Procedure 8

In the alternative, I further suggest this Complaint be dismissed pursuant to Rule 8(a). Rule 8(a) requires a plaintiff to file a complaint that sets forth "a short and plain statement of the claim . . . ." Fed. R. Civ. P. 8(a)(2). However, Plaintiff's Complaint is vague and devoid of any factual detail regarding his claims; Plaintiff only alleges that a "government intel agent" "confessed" to him that Facebook, a social media platform, was developed by the U.S. government, and that this implicates Defendant, the chief executive officer of Facebook, in an act of "treason[.]"

"Even employing the liberal standards of construction afforded to pro se complaints, . . . [the plaintiff's] claims about [the defendants] were so vague they fail to sufficiently apprise defendants of their alleged wrongful conduct." *Morris v. Schuette*, No. 13-cv-11126, 2013 WL 3936475, at *1 (E.D. Mich. July 30, 2013). Further, "the Supreme Court and Sixth Circuit have found that complaints must contain more than conclusory allegations; they must provide sufficient factual content to put the defendant on notice as to the claims against them." *Grubbs v. Sheakley Group, Inc.*, No. 13-cv-246, 2014 WL 202041, at *6 (S.D. Ohio Jan. 17, 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 505 (6th Cir.2013)). While "there is no bright-line rule providing that the length of a complaint, in and of itself, is a basis for dismissal[,]" *Grubbs*, 2014 WL 202041, at *6, it still must contain sufficient factual basis to put the defendant on notice of their alleged wrongdoing and must contain more than "conclusory allegations." *Id*. Plaintiff's Complaint lacks the necessary factual allegations to support his claim under Rule 8(a).

For these reasons, I recommend the Complaint be *sua sponte* dismissed.

**4.    Conclusion**

For all the reasons stated above, I recommend that this Court *sua sponte* dismiss this action.

**III.    Review**

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to

6

another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140, 155; Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. Willis v. Sec'y of Health & Human Servs., 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: August 21, 2020				S/ PATRICIA T. MORRIS
						Patricia T. Morris
						United States Magistrate Judge

## **CERTIFICATION**

      I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record. A copy was also sent via First Class Mail to Alexander R. Gifford at 9873 County Road 489, Atlanta, MI 49709.

Date: August 21, 2020                                                         By s/ Kristen Castaneda
                                                                                     Case Manager