UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ALEXANDER R. GIFFORD,

        Plaintiff,                                Case. No. 20-CV-11535

v.                                               Honorable Thomas L. Ludington
                                                     Magistrate Judge Patricia T. Morris

MARK ZUCKERBERG,

        Defendant.
_____/

**OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION AND
DISMISSING COMPLAINT**

      Plaintiff Alexander R. Gifford brought this *pro se* civil action against Defendant Mark Zuckerberg, chief executive officer of Facebook, Inc., seeking redress for violations of 18 U.S.C. §§ 1001, 1621, and 1623. ECF No. 1. All pretrial matters were referred to Magistrate Judge Patricia T. Morris. ECF No. 4. On July 16, 2020, Defendant was granted leave to proceed *in forma pauperis*. ECF No. 5.

      On August 21, 2020, Magistrate Judge Morris issued a report recommending that Plaintiff's complaint be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted and for violation of Federal Rule of Civil Procedure 8. ECF No. 8. The federal statutes Plaintiff relies upon, 18 U.S.C. §§ 1001, 1621, and 1623, are criminal statutes upon which no plausible claim can be stated. As Magistrate Judge Morris explained,

> "[C]riminal statutes generally do not create private causes of action, *see Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver*, N.A., 511 U.S. 164, 190 (1994), and []18 U.S.C. § 1001 [] [does not] provide such a cause of action." *Flessner v. Michigan*, No. 19-cv-1035, 2020 WL 746843, at *3 (W.D. Mich. Feb. 14, 2020) (citing *Shoemake v. Mansfield City Sch. Dist. Bd. of Educ.*, 61 F. Supp. 3d 704, 711 (N.D. Ohio 2014)). Further, "18 U.S.C. § 1621 does not confer jurisdiction on this

> Court; it is a criminal perjury statute, 'inapposite to this civil action.'" *Brown v. J.P. Morgan Chase Bank*, No. 12-cv-10826, 2012 WL 1555418, at *3 (E.D. Mich. Apr. 30, 2012) (quoting *Sutton v. U.S. Small Bus. Admin.*, 92 F. App'x 112, 118 n. 5 (6th Cir. 2003)). *See also Schied v. Ward*, No. 09-cv-12374, 2009 WL 5171839, at *5 (E.D. Mich. Dec. 22, 2009) ("[T]his criminal statute also fails to create a private cause of action."). Finally, neither does 28 U.S.C. § 1623 create a private cause of action. *Bartlett v. Borgess Hospital*, No. 17-cv-1138, 2018 WL 6027157, at *3 (W.D. Mich. Apr. 5, 2018). Because none of the statutes through which Plaintiff seeks relief offer him the ability to seek redress, I recommend that these claims be dismissed.

ECF No. 8 at PageID.23–24. Magistrate Judge Morris also explained her reasoning for dismissal under Rule 8(a):

> Rule 8(a) requires a plaintiff to file a complaint that sets forth "a short and plain statement of the claim . . . ." Fed. R. Civ. P. 8(a)(2). However, Plaintiff's Complaint is vague and devoid of any factual detail regarding his claims; Plaintiff only alleges that a "government intel agent" "confessed" to him that Facebook, a social media platform, was developed by the U.S. government, and that this implicates Defendant, the chief executive officer of Facebook, in an act of "treason[.]"
>
> "Even employing the liberal standards of construction afforded to pro se complaints, . . . [the plaintiff's] claims about [the defendants] were so vague they fail to sufficiently apprise defendants of their alleged wrongful conduct." *Morris v. Schuette*, No. 13-cv-11126, 2013 WL 3936475, at *1 (E.D. Mich. July 30, 2013). Further, "the Supreme Court and Sixth Circuit have found that complaints must contain more than conclusory allegations; they must provide sufficient factual content to put the defendant on notice as to the claims against them." *Grubbs v. Sheakley Group, Inc.*, No. 13-cv-246, 2014 WL 202041, at *6 (S.D. Ohio Jan. 17, 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 505 (6th Cir.2013)). While "there is no bright-line rule providing that the length of a complaint, in and of itself, is a basis for dismissal[,]" *Grubbs*, 2014 WL 202041, at *6, it still must contain sufficient factual basis to put the defendant on notice of their alleged wrongdoing and must contain more than "conclusory allegations." *Id.* Plaintiff's Complaint lacks the necessary factual allegations to support his claim under Rule 8(a).

ECF No. 8 at PageID.24–25. Although the Report and Recommendation states that Plaintiff could object to and seek review of the recommendation within 14 days of service, he failed to file any objections. The election not to file objections to the Report and Recommendation releases the Court from its duty to independently review the record. *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

The failure to file objections to the Report and Recommendation also waives any further right to appeal. *Id.*

Accordingly, it is **ORDERED** that the Report and Recommendation, ECF No. 8, is **ADOPTED**.

It is further **ORDERED** that Plaintiff's complaint, ECF No. 1, is **DISMISSED**.

Dated: September 15, 2020　　　　　　　　　　　　s/Thomas L. Ludington
　　　　　　　　　　　　　　　　　　　　　　　　THOMAS L. LUDINGTON
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon **Alexander R. Gifford,** 9873 County Road 489, Atlanta, MI 49709 by first class U.S. mail on September 15, 2020.

　　　　　　　　　　　　　　　　　　　　s/Kelly Winslow
　　　　　　　　　　　　　　　　　　　　KELLY WINSLOW, Case Manager